**FAEGRE BAKER DANIELS LLP**
Tarifa B. Laddon (SBN 240419)
1990 S. Bundy Dr., Suite 620
Los Angeles, CA 90025
Telephone: 310-500-2126
Fax: 310-500-2091
Tarifa.laddon@faegrebd.com

R. Trevor Carter (*pro hac vice pending*)
Andrew M. McCoy (*pro hac vice pending*)
Trenton B. Morton (*pro hac vice pending*)
Reid E. Dodge (*pro hac vice pending*)
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
Trevor.carter@faegrebd.com
Andrew.mccoy@faegrebd.com
Trenton.morton@faegrebd.com

Attorneys for Plaintiff,
INTEX RECREATION CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| INTEX RECREATION CORP., | Case No.: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| BESTWAY (USA), INC., BESTWAY GLOBAL HOLDINGS INC., BESTWAY (HONG KONG) INTERNATIONAL, LTD., BESTWAY INFLATABLES & MATERIALS CORPORATION, BESTWAY (NANTONG) RECREATION CORP., and BESTWAY (HONG KONG) ENTERPRISE COMPANY LIMITED, | |
| Defendants. | |

109955979.1

COMPLAINT
CASE NO: 2:17-CV-01177

1    Plaintiff Intex Recreation Corp. ("IRC"), for its complaint against

2  Defendants, Bestway (USA), Inc. ("Bestway-USA"), Bestway Global Holdings Inc.

3  ("Bestway Global"), Bestway (Hong Kong) International, Ltd. ("Bestway-Hong

4  Kong"), Bestway Inflatables & Materials Corporation ("Bestway Inflatables"),

5  Bestway (Nantong) Recreation Corp. ("Bestway-Nantong") and Bestway (Hong

6  Kong) Enterprise Company Limited ("Bestway-Enterprise"), (collectively,

7  "Bestway" or "Defendants"), alleges as follows:

8                        **THE PARTIES**

9    1.    IRC is a corporation organized and existing under the laws of the State

10  of California.

11    2.    IRC is in the business of selling inflatable products, including

12  inflatable spas, among many others.

13    3.    On information and belief, Bestway-USA is a corporation organized

14  and existing under the laws of the State of Arizona, having a principal place of

15  business at 3249 East Harbour Drive, Phoenix, Arizona.

16    4.    On information and belief, Bestway Global is a corporation organized

17  under the laws of the People's Republic of China, having a principal place of

18  business at No. 3065 Cao An Road, Shanghai, China, 201812.

19    5.    On information and belief, Bestway-Hong Kong is a corporation

20  organized under the laws of the Hong Kong Special Administrative Region of the

21  People's Republic of China, having a principal place of business at 66 Mody Road,

22  Kowloon, Hong Kong.

23    6.    On information and belief, Bestway Inflatables is a company

24  organized under the laws of the People's Republic of China, having a principal

25  place of business at No. 3065 Cao An Road, Shanghai, China, 201812.

26    7.    On information and belief, Bestway-Nantong is a company organized

27  under the laws of the People's Republic of China, having a principal place of

28

business at No. 8 Huimin West Rd., Economic Development Zone, Rucheng Town,

Nantong, Jiangsu, China, 226503.

8.     On information and belief, Bestway-Enterprise is a registered non-

Hong Kong company incorporated in the British Virgin Islands, with a principal

place of business at 66 Mody Road, Suite 713, Tsim Sha Tsui, Kowloon, Hong

Kong.

## JURISDICTION AND VENUE

9.     IRC realleges and incorporates by reference, as if fully set forth herein,

the allegations in paragraphs 1-8, above.

10.     This is an action for patent infringement arising under the laws of the

United States, Title 35 of the United States Code, relating specifically to U.S.

Patent No. 9,567,762 (the "Asserted Patent" or the "'762 Patent").  This Court has

exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a).

11.     This Court has personal jurisdiction over Bestway-USA.  On

information and belief, Bestway-USA has conducted, and does regularly conduct,

business within the State of California including this District.  Bestway-USA has

made, used, offered to sell, sold, and/or imported into the United States, including

to customers located within the State of California and this District, the Accused

Products (as defined below).  Bestway-USA has sought the protection and benefit

from the laws of the State of California by placing infringing products into the

stream of commerce through an established distribution channel with the awareness

and/or intent that they will be purchased by consumers in this District.

12.     This Court has personal jurisdiction over Bestway Global.  On

information and belief, Bestway Global has conducted, and does regularly conduct,

business within the State of California including this District.  Bestway Global—

directly and/or through intermediaries (including distributors, retailers, and others),

subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or

1    imported into the United States, including to customers located within the State of
2    California and this District, the Accused Products.  Bestway Global—directly
3    and/or through intermediaries (including distributors, retailers, and others),
4    subsidiaries, alter egos, and/or agents—imports into the United States or offers to
5    sell, sells, or uses within the United States the Accused Products.  Bestway Global
6    has purposefully and voluntarily placed one or more of the Accused Products into
7    the stream of commerce with the awareness and/or intent that they will be
8    purchased by consumers in this District.  Bestway Global knowingly and
9    purposefully ships the Accused Products into and within this District through an
10   established distribution channel.

11         13.    This Court has personal jurisdiction over Bestway-Hong Kong.  On
12   information and belief, Bestway-Hong Kong has conducted, and does regularly
13   conduct, business within the State of California including this District.  Bestway-
14   Hong Kong—directly and/or through intermediaries (including distributors,
15   retailers, and others), subsidiaries, alter egos, and/or agents—has made, used,
16   offered to sell, sold, and/or imported into the United States, including to customers
17   located within the State of California and this District, the Accused Products.
18   Bestway-Hong Kong—directly and/or through intermediaries (including
19   distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports
20   into the United States or offers to sell, sells, or uses within the United States the
21   Accused Products.  Bestway-Hong Kong has purposefully and voluntarily placed
22   one or more of the Accused Products into the stream of commerce with the
23   awareness and/or intent that they will be purchased by consumers in this District.
24   Bestway-Hong Kong knowingly and purposefully ships the Accused Products into
25   and within this District through an established distribution channel.

26         14.    This Court has personal jurisdiction over Bestway Inflatables.  On
27   information and belief, Bestway Inflatables has conducted, and does regularly
28   conduct, business within the State of California including this District.  Bestway

Inflatables—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products.  Bestway Inflatables—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports into the United States or offers to sell, sells, or uses within the United States the Accused Products.  Bestway Inflatables has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  Bestway Inflatables knowingly and purposefully ships the Accused Products into and within this District through an established distribution channel.

15.    This Court has personal jurisdiction over Bestway-Nantong.  On information and belief, Bestway-Nantong has conducted, and does regularly conduct, business within the State of California including this District.  Bestway-Nantong—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products.  Bestway-Nantong—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports into the United States or offers to sell, sells, or uses within the United States the Accused Products.  Bestway-Nantong has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  Bestway-Nantong knowingly and purposefully ships the Accused Products into and within this District through an established distribution channel.

16. This Court has personal jurisdiction over Bestway-Enterprise. On information and belief, Bestway-Enterprise has conducted, and does regularly conduct, business within the State of California including this District. Bestway-Enterprise—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products. Bestway-Enterprise—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports into the United States or offers to sell, sells, or uses within the United States the Accused Products. Bestway-Enterprise has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Bestway-Enterprise knowingly and purposefully ships the Accused Products into and within this District through an established distribution channel.

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

18. IRC realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-17, above.

### The '762 Patent

19. The patent that eventually issued as the '762 Patent, entitled "Drain for a Pool," was filed on November 21, 2014 as U.S. Patent Application No. 14/550,049 ("the '049 Application"), and published on May 21, 2015 as U.S. Patent Publication No. 2015/0135424 ("the '424 Publication"). The '762 Patent was duly and legally issued to inventors Hua Hsiang Lin and Yaw Yuan Hsu on February 14, 2017. A true and accurate copy of the '762 Patent is attached hereto as Exhibit 1.

20.     IRC is the exclusive licensee to the '762 Patent and has the right to sue for any infringement of the '762 Patent.

**Bestway's Accused Products**

21.     On information and belief, Bestway is infringing the '762 Patent directly, jointly, contributorily, and/or by inducement, by, without authority, making, using, importing, selling, or offering for sale in the United States, including in this District, inflatable spas that embody claims in the '762 Patent. Specifically, on information and belief, Bestway is infringing the '762 Patent by making, using, selling, offering for sale, and/or importing into the United States, or by importing into the United States or offering to sell, selling, or using within the United States at least the following products, (collectively, the "Accused Products"): Coleman Lay-Z-Spa (Model No. 54131E); SaluSpa Palm Springs (Model No. 54130)*;  SaluSpa Hawaii HydroJet Pro*, (Model 54139E) .

22.     On information and belief, the Accused Products are available, and are being offered for sale and sold at, at least, Amazon.com.

**Bestway's Knowledge of, and Williful Infringement of, the '762 Patent**

23.     Bestway's infringement has been, and continues to be, willful and deliberate.

24.     On information and belief, Bestway actively monitors the inflatable spa industry and Intex's intellectual property.  Bestway and Intex are competitors, and are currently involved in several pending intellectual disputes—both in this Court and  before the Patent Trial and Appeal Board of the United States Patent and Trademark Office.

25.     As such, on information and belief, Bestway had actual notice that the '424 Publication published on May 21, 2015, and, as noted above, ultimately issued as the '762 Patent on February 14, 2017—the same date of this Complaint.

26.     With knowledge of the '762 Patent and its infringing conduct—based on monitoring competitive intellectual property and also as of the date of this

1   Complaint going forward—Bestway continues to willfully infringe the '762 Patent
2   by making, using, selling, offering to sell, and/or importing the Accused Products
3   and/or importing into the United States or offering to sell, selling, or using within
4   the United States the Accused Products.

5      27. IRC has suffered and will continue to suffer damages from Bestway's
6   acts of infringement complained of herein.

7        **<u>INFRINGEMENT OF U.S. PATENT NO. 9,567,762</u>**

8      28. IRC realleges and incorporates by reference, as if fully set forth herein,
9   the allegations in paragraphs 1-27, above.

10      29. Bestway-USA has directly infringed, either individually or as part of a
11   joint enterprise or through the exercise of direction and control over at least one
12   other Defendant or third party, and is still directly infringing, at least Claim 1 of the
13   '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to
14   sell and selling, and/or importing the Accused Products, and/or by importing into
15   the United States or offering to sell, selling, or using within the United States the
16   Accused Products.  Bestway-USA will continue to infringe at least Claim 1 of the
17   '762 Patent unless enjoined by this Court.

18      30. Bestway Global has directly infringed, either individually or as part of
19   a joint enterprise or through the exercise of direction and control over at least one
20   other Defendant or third party, and is still directly infringing, at least Claim 1 of the
21   '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to
22   sell and selling, and/or importing the Accused Products, and/or by importing into
23   the United States or offering to sell, selling, or using within the United States the
24   Accused Products.  Bestway Global will continue to infringe at least Claim 1 of the
25   '762 Patent unless enjoined by this Court.

26      31. Bestway-Hong Kong has directly infringed, either individually or as
27   part of a joint enterprise or through the exercise of direction and control over at
28   least one other Defendant or third party, and is still directly infringing, at least

Claim 1 of the '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway-Hong Kong will continue to infringe at least Claim 1 of the '762 Patent unless enjoined by this Court.

32. Bestway Inflatables has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway Inflatables will continue to infringe at least Claim 1 of the '762 Patent unless enjoined by this Court.

33. Bestway-Nantong has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway-Nantong will continue to infringe at least Claim 1 of the '762 Patent unless enjoined by this Court.

34. Bestway-Enterprise has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '762 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the

Accused Products.  Bestway-Enterprise will continue to infringe at least Claim 1 of the '762 Patent unless enjoined by this Court.

35.    Bestway directly infringes at least Claim 1 of the '762 Patent, for example, because:

     a.  The Accused Products satisfy the limitation of having "a first internal wall;"

     b.  The Accused Products satisfy the limitation of having "a second external wall positioned outside of the first internal wall;"

     c.  The Accused Products satisfy the limitation of having "a floor that cooperates with the internal wall to define a water cavity;" and

     d.  The Accused Products satisfy the limitation of having "a floor drain in communication with the water cavity, the floor drain including: a drainage conduit having an inlet end positioned in the floor in a location spaced apart from and horizontally interior of the first internal wall and an outlet end positioned horizontally external of the first internal wall, a first sealing plug removably coupled to the inlet end to block drainage of water from the water cavity when coupled to the inlet end and permit drainage of water from the water cavity when removed from the inlet end, wherein the drainage conduit includes a midsection pipe positioned between the inlet end and the outlet end, the midsection pipe has a flat portion extending in a direction between the inlet and outlet ends and a rounded portion positioned adjacent to the flat portion extending in a direction between the inlet and outlet ends."

36.    With knowledge of the '762 Patent, as described above, Bestway-USA has actively induced one or more Defendants and/or third-party manufacturers, distributors, importers, agents, and/or contractors to directly infringe at least Claim 1 of the '762 Patent by, for example, distributing or making available instructions

or manuals for manufacturing the Accused Products, and/or providing technical support for doing the same.  On information and belief, Bestway-USA does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '762 Patent.  Bestway-USA intends to cause infringement by these Defendants, third-party manufacturers, distributors, importers, agents, and/or contractors.

37.   With knowledge of the '762 Patent, as described above, Bestway-USA has contributorily infringed at least Claim 1 of the '762 Patent by, for example, selling or offering to sell a material or apparatus that is a component for use in practicing at least Claim 1 of the '762 Patent.  On information and belief, Bestway-USA does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least Claim 1 of the '762 Patent when Bestway-USA sold, offered to sell, or imported the component.  On information and belief, these components are not staple articles of commerce capable of substantial noninfringing uses.

38.   With knowledge of the '762 Patent, as described above, Bestway Global has actively induced one or more Defendants and/or third-party manufacturers, distributors, importers, agents, and/or contractors to directly infringe at least Claim 1 of the '762 Patent by, for example, distributing or making available instructions or manuals for manufacturing the Accused Products, and/or providing technical support for doing the same.  On information and belief, Bestway Global does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '762 Patent.  Bestway Global intends to cause infringement by these Defendants, third-party manufacturers, distributors, importers, agents, and/or contractors.

39.   With knowledge of the '762 Patent, as described above, Bestway Global has contributorily infringed at least Claim 1 of the '762 Patent by, for example, selling or offering to sell a material or apparatus that is a component for

1   use in practicing at least Claim 1 of the '762 Patent.  On information and belief,

2   Bestway Global does so with knowledge that the component was especially made

3   or adapted for use in a manner that would infringe at least Claim 1 of the '762

4   Patent when Bestway Global sold, offered to sell, or imported the component.  On

5   information and belief, these components are not staple articles of commerce

6   capable of substantial noninfringing uses.

7        40.    With knowledge of the '762 Patent, as described above, Bestway-

8   Hong Kong has actively induced one or more Defendants and/or third-party

9   manufacturers, distributors, importers, agents, and/or contractors to directly infringe

10  at least Claim 1 of the '762 Patent by, for example, distributing or making available

11  instructions or manuals for manufacturing the Accused Products, and/or providing

12  technical support for doing the same.  On information and belief, Bestway-Hong

13  Kong does so with knowledge, or with willful blindness of the fact, that the induced

14  acts constitute infringement of at least Claim 1 of the '762 Patent.  Bestway-Hong

15  Kong intends to cause infringement by these Defendants, third-party manufacturers,

16  distributors, importers, agents, and/or contractors.

17       41.    With knowledge of the '762 Patent, as described above, Bestway-

18  Hong Kong has contributorily infringed at least Claim 1 of the '762 Patent by, for

19  example, selling or offering to sell a material or apparatus that is a component for

20  use in practicing at least Claim 1 of the '762 Patent.  On information and belief,

21  Bestway-Hong Kong does so with knowledge that the component was especially

22  made or adapted for use in a manner that would infringe at least Claim 1 of the '762

23  Patent when Bestway-Hong Kong sold, offered to sell, or imported the component.

24  On information and belief, these components are not staple articles of commerce

25  capable of substantial noninfringing uses.

26       42.    With knowledge of the '762 Patent, as described above, Bestway

27  Inflatables has actively induced one or more Defendants and/or third-party

28  manufacturers, distributors, importers, agents, and/or contractors to directly infringe

1  at least Claim 1 of the '762 Patent by, for example, distributing or making available

2  instructions or manuals for manufacturing the Accused Products, and/or providing

3  technical support for doing the same.  On information and belief, Bestway

4  Inflatables does so with knowledge, or with willful blindness of the fact, that the

5  induced acts constitute infringement of at least Claim 1 of the '762 Patent.

6  Bestway Inflatables intends to cause infringement by these Defendants, third-party

7  manufacturers, distributors, importers, agents, and/or contractors.

8        43.    With knowledge of the '762 Patent, as described above, Bestway

9  Inflatables has contributorily infringed at least Claim 1 of the '762 Patent by, for

10  example, selling or offering to sell a material or apparatus that is a component for

11  use in practicing at least Claim 1 of the '762 Patent.  On information and belief,

12  Bestway Inflatables does so with knowledge that the component was especially

13  made or adapted for use in a manner that would infringe at least Claim 1 of the '762

14  Patent when Bestway Inflatables sold, offered to sell, or imported the component.

15  On information and belief, these components are not staple articles of commerce

16  capable of substantial noninfringing uses.

17        44.    With knowledge of the '762 Patent, as described above, Bestway-

18  Nantong has actively induced one or more Defendants and/or third-party

19  manufacturers, distributors, importers, agents, and/or contractors to directly infringe

20  at least Claim 1 of the '762 Patent by, for example, distributing or making available

21  instructions or manuals for manufacturing the Accused Products, and/or providing

22  technical support for doing the same.  On information and belief, Bestway-Nantong

23  does so with knowledge, or with willful blindness of the fact, that the induced acts

24  constitute infringement of at least Claim 1 of the '762 Patent.  Bestway-Nantong

25  intends to cause infringement by these Defendants, third-party manufacturers,

26  distributors, importers, agents, and/or contractors.

27        45.    With knowledge of the '762 Patent, as described above, Bestway-

28  Nantong has contributorily infringed at least Claim 1 of the '762 Patent by, for

example, selling or offering to sell a material or apparatus that is a component for use in practicing at least Claim 1 of the '762 Patent.  On information and belief, Bestway-Nantong does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least Claim 1 of the '762 Patent when Bestway-Nantong sold, offered to sell, or imported the component. On information and belief, these components are not staple articles of commerce capable of substantial noninfringing uses.

46.     With knowledge of the '762 Patent, as described above, Bestway-Enterprise has actively induced one or more Defendants and/or third-party manufacturers, distributors, importers, agents, and/or contractors to directly infringe at least Claim 1 of the '762 Patent by, for example, distributing or making available instructions or manuals for manufacturing the Accused Products, and/or providing technical support for doing the same.  On information and belief, Bestway-Enterprise does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '762 Patent. Bestway-Enterprise intends to cause infringement by these Defendants, third-party manufacturers, distributors, importers, agents, and/or contractors.

47.     With knowledge of the '762 Patent, as described above, Bestway-Enterprise has contributorily infringed at least Claim 1 of the '762 Patent by, for example, selling or offering to sell a material or apparatus that is a component for use in practicing at least Claim 1 of the '762 Patent.  On information and belief, Bestway-Enterprise does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least Claim 1 of the '762 Patent when Bestway-Enterprise sold, offered to sell, or imported the component. On information and belief, these components are not staple articles of commerce capable of substantial noninfringing uses.

48.     Bestway will continue to infringe the '762 Patent, causing immediate and irreparable harm to IRC, unless this Court enjoins and restrains Bestway's activities.

49.     Bestway's acts of infringement have deprived, and will continue to deprive, IRC of sales, profits, and other related revenue that IRC would have made or would enjoy in the future; has injured IRC in other respects; and will continue to cause IRC added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale, and importation of the Accused Products.

50.     IRC is entitled to recover damages adequate to compensate for Bestway's infringement, including, but not limited to, lost profits, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre and post judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

51.     On information and belief, Bestway's infringement of the '762 Patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Intex Recreation Corp. respectfully requests that the Court enter judgment in its favor and against Bestway, and provide Intex Recreation Corp. the following relief:

A.     Order, adjudge, and decree that U.S. Patent 9,567,762 is valid, enforceable, and infringed by Bestway;

B.     Enter a permanent injunction against Bestway enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with Bestway from making, using, selling, or offering for sale in the United

1    States, or importing into the United States, any and all products and/or
2    services embodying the patented inventions claimed in the '762 Patent;
3    C.    Award IRC its damages for patent infringement pursuant to 35 U.S.C.
4          §§ 284 and 154(d), and pre and post judgment interest as allowed by
5          law;
6    D.    Order, adjudge, and decree that Bestway's infringement of the '762
7          Patent has been deliberate and willful, and award IRC treble damages
8          under 35 U.S.C. § 284;
9    E.    Find that this case is "exceptional" under 35 U.S.C. § 285, and award
10         IRC its costs and reasonable attorney's fees as provided in 35 U.S.C. §
11         285; and
12   F.    Award such other and further relief as the Court deems just and proper.

13   Dated:  February 14, 2017          **FAEGRE BAKER DANIELS LLP**

16                                      By:      /s/ *Tarifa B. Laddon*
17                                               TARIFA B. LADDON
18                                      Attorneys For Plaintiff,
                                        INTEX RECREATION CORP.

20                         **<u>REQUEST FOR TRIAL BY JURY</u>**
21        Plaintiff Intex Recreation Corp. respectfully requests a trial by jury on all
22   issues so triable.

23   Dated:  February 14, 2017          **FAEGRE BAKER DANIELS LLP**

26                                      By:      /s/ *Tarifa. B. Laddon*
                                                 TARIFA B. LADDON
27                                      Attorneys For Plaintiff,
28                                      INTEX RECREATION CORP.